ELIPPUS GEORGE, Respondent, *v.* J. W. DEAN, Appellant.

**April 13, 1885.**

1. INTERPRETATION OF CONTRACT—CASE ADJUDGED.—Action based upon the following contract: "Maryville, Mo., July 6, 1881. I this day sell to S. W. Culp one car load of hogs, to weigh from 16,500 to 17,000 [pounds,] to be good, smooth, well fatted hogs. Said Culp agrees to give me five dollars per cwt., gross, for said hogs, to be delivered and weighed at Maryville, Mo., on the 1st day of October, 1881. In case said hogs should become diseased, said Culp to ship out or give Mr. Dean privilege of, or selling said hogs. J. W. Dean, S. W. Culp, for T. L. Covington & Co." *Held:* That defendant assumed all risk, on account of sickness and of death as to the said hogs until delivery. The plaintiff could not demand the delivery until the day named in the contract. The defendant could not hasten the day of delivery of the hogs *called for by the contract*, except only in case of sickness among the hogs, and in that case he could deliver at an earlier day. But he could not, *because* the day of delivery was hastened, deliver any other hogs, either in quantity, quality, or condition, than the hogs which by the contract he bound himself to deliver.

APPEAL from Nodaway Circuit Court, HON. H. S. KELLEY, Judge.

*Affirmed.*

The facts sufficiently appear in the opinion of the court.

LANE & NEWMAN, for the appellant.

I. The main point in this case is the construction of the written contract sued on. By the proper construction of said contract, the defendant would be excused from delivering the hogs contracted for on the 1st day of October, 1881, by purchasing the requisite number of hogs of such quality and at such time as to enable defendant, without the intervention of sickness or disease among the hogs, to have them meet the requirements of the contract as to quality and condition, and ready for delivery at that date; and that in case of sickness among the said hogs so purchased by defendant, a delivery at any time prior to the 1st day of October, 1881, of them by him, whether in the condition or of the quality called for in the contract or not, or whether in a number sufficient to make a carload or not, if the number of said hogs so purchased by defendant to fill said contract had been reduced by sickness, would be a full compliance on his part with the terms of the contract. The trial court held that the disease clause in the contract was a mere nullity and amounted to nothing, and permitted case to be tried upon a different theory than that made by the pleadings. This was error.

II. In the construction of contracts, courts seek to carry out the real intention of the parties, and to that end take into consideration all the surrounding circumstances. The trial court disregarded both the terms of the contract and the circumstances. — *Schultzer* v. *Bailey*, 40 Mo. 49; *Fenton* v. *Perkins*, 3 Mo. 23; *Pitcher* v. *Hovey*, 16 Mo. Parol testimony should have been admitted.—46 Mo. 121.

EDWARDS & RAMSEY, for the respondent.

I. The court did not err in refusing to permit evidence of "what was understood by the parties at the time to be the meaning" of certain clauses in the contract. Parol evidence is inadmissable to show that there was an understanding different from the plain terms of the instrument.— *Woodward* v. *Gough*, 8 Mo. 161; *Wildvahn* v. *Robidoux*, 11 Mo. 650; *Hotel Co.* v. *Baily*, 3

Mo. Appeals 598; *Chrisman* v. *Hodge*, 75 Mo. 413. Or to incorporate with a written instrument an oral agreement made contemporaneously therewith.—*Walker* v. *Engler*, 30 Mo. 130. Or to contradict, vary, limit or extend the terms of a valid written contract.—1 Greenl. Evid. (12 ed.) sect. 295; 2 Phil. Evid. (10 Eng. ed.) side page 637; *Bunce* v. *Beck*, 43 Mo. 260; *Koching* v. *Muemminghoff*, 61 Mo. 403. It was the duty of the court to interpret the contract.—*State use Early* v. *Lefaivre*, 53 Mo. 470.

II. The evidence as to weight and quality of hogs was properly admitted. Also the market value of such hogs as contracted for.

III. The court construed the contract correctly.—2 Kent Com., side page 504; Story on Sales, sect. 314 and 436; 3 Parson on Contracts (5th ed.) p. 209; *Van Horn* v. *Rucker*, 33 Mo. 391.

Opinion by HALL, J.

This is an action based upon the following contract:

"MARYVILLE, Mo., July 6th, 1881.

"I this day sell to S. W. Culp one car load of hogs, to weigh from 16,500 to 17,000 [pounds], to be good, smooth, well fatted hogs, said Culp agrees to give me five dollars per cwt., gross, for said hogs to be delivered and weighed at Maryville, Mo.; on the 1st day of October, 1881. In case said hogs should become diseased, said Culp to ship out or give Mr. Dean privilege of, or selling said hogs.

J. W. DEAN.

S. W. CULP, for

T. L. COVINGTON & Co."

Plaintiff became the assignee of T. L. Covington & Co. on July 29th, 1881.

This action is for damages sustained by plaintiff by reason of defendant's failure to deliver the hogs named in the contract, at the time and place therein specified.

The jury found for plaintiff and the defendant has brought the case here by appeal.

## I.

The defendant complains here because the trial court refused to permit him to introduce evidence for the purpose of showing what was the meaning of the words "smooth, well fatted hogs," used in the contract in suit; and because that court also refused to permit him to introduce evidence for the purpose of showing what was the meaning of the clause: "In case said hogs should become diseased, said Culp to ship out or give J. W. Dean privilege of shipping said hogs."

We think that the action of the trial court was correct. The language of the contract is plain and unambiguous, and no evidence was needed to make clear its meaning; and none could have been heard for the purpose of changing or altering its meaning.

## II.

The defendant complains that the trial court misconstrued the contract and misinterpreted its meaning.

That court held that the defendant, under the contract in suit, had to deliver to plaintiff at Maryville, Mo., on the 1st day of October, 1881, one car load of "good, smooth, well fatted hogs," to weigh from 16,500 to 17,000 pounds, unless the defendant, in consequence of said hogs being diseased, should, at Maryville, Mo., prior to the 1st day of October, 1881, have delivered to plaintiff such hogs, both in said quantity and of such quality, at the time of delivery, that is, good, smooth, well-fatted hogs, in weight from 16,500 to 17,000 pounds at the time of said delivery.

The contention of defendant is, that by the proper construction of the said contract, the defendant would be excused from delivering the hogs contracted for on the 1st day of October, 1881, by purchasing the requisite number of such hogs of such quality and at such time as to enable defendant, without intervention of sickness or disease among the hogs, to have them meet the requirements of the contract as to quality and condition, and ready for delivery on that date, and that, in case of sickness among said hogs so pur-

chased by defendant, a delivery at any time prior to the 1st day of October, 1881, of them by him, whether in the condition or of the quality called for by the contract or not, or whether in a number sufficient to make a car load or not, if the number of said hogs so purchased by defendant to fill the said contract had been reduced by sickness, would be a full compliance on his part with the terms of the contract. We do not think defendant's contention well made. But we do think that the construction made by the trial court of the said contract is the proper and only construction to be made thereof.

The plaintiff's assignee purchased certain hogs of defendant to be delivered at a certain and fixed time. The defendant assumed all risks on account of sickness and of death as to the said hogs until delivery. The plaintiff could not, under the contract, demand the delivery of the hogs until the day named in the contract for such delivery. The defendant could not hasten the day of delivery of the hogs *called for by the contract*, except only in case of sickness among the hogs, and in that case he could deliver the hogs at an earlier date. But surely he could not, because the day of delivery was hastened, deliver any other hogs either in quantity, quality, or condition than the hogs which by the contract he bound himself to deliver. The instructions given in the case, being proper under the view of the contract taken by the trial court, which view we have just approved, have not been set out herein.

The judgment of the circuit court is affirmed.

Judge Philips concurs. Judge Ellison dissents.